# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| **SANDRA VAZQUEZ**, an individual,<br><br>            Plaintiff,<br><br>v.<br><br>**AOSC ACCIM LLC**, a Florida limited liability company,<br><br>            Defendant. | CIVIL ACTION<br><br>Case No. 2:19-cv-502<br><br>Judge:<br><br>Mag. Judge: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **SANDRA VAZQUEZ** ("**VAZQUEZ**" or "Plaintiff"), by and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1.     This is an action brought under the Americans with Disabilities Act (ADAAA), the Florida Civil Rights Act (FCRA) and Florida common law for (1) disability discrimination in violation of the ADAAA, and (2) disability discrimination in violation of the FCRA.

## PARTIES

2.     The Plaintiff, **SANDRA VAZQUEZ** ("**VAZQUEZ**") is an individual and a resident of Florida who currently resides, and at all material times resided, in Lee County, Florida, but who worked for the Defendant in Collier County, Florida.

3.     Defendant, **AOSC ACCIM LLC** ("**AOSC**") is a Florida limited liability company that employed **VAZQUEZ** in Collier County, Florida.

4.     At all material times, **AOSC** employed greater than fifteen (15) employees.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6. This Court has supplemental jurisdiction over **VAZQUEZ**'s state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in Lee County, and **AOSC** conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Collier County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Collier County is within the Fort Myers Division.

8. **VAZQUEZ** received his Notice of Right to Sue from United States Equal Employment Opportunity Commission ("EEOC") on April 29, 2019 and the instant Complaint is filed within the time frame required under the law. (A true and accurate copy of the Notice of Right to Sue is attached as Exhibit A.)

## GENERAL ALLEGATIONS

9. **VAZQUEZ** began her employment with **AOSC** on December 6, 2016 and was employed as a veterinary technician.

10. **VAZQUEZ** always performed her assigned duties in a professional manner and was very well qualified for her position, despite being a qualified person with a disability.

11. **VAZQUEZ** has suffered from diabetes since age 4 and is insulin dependent.

12. **VAZQUEZ** thus has impairments of her endocrine system, which impacts her ability to perform major life activities, such as moving or working when not in remission.

13. **VAZQUEZ** has a history of these impairments that limits major bodily functions and several major life activities. **VAZQUEZ**'s impairments qualify as a disability as that term is defined under 28 C.F.R. §36.104(iii).

14. **VAZQUEZ** always received good to very good performance reviews from **AOSC** until October 2017, which is when she disclosed her disability and the need for possible future medical leave/leave as reasonable accommodations.

15. **VAZQUEZ** disclosed that she would occasionally become hypoglycemic if her blood sugar dropped and she would thus require a short break from work in order to quickly ingest complex carbohydrates or otherwise take measures to equalize her blood sugar.

16. However, **AOSC** frequently prevented **VAZQUEZ** from taking the necessary breaks to perform these activities, which led to her blood sugar getting dangerously low on two occasions.

17. As a result, **AOSC** stated that **VAZQUEZ** "could not be trusted" and that she was "incoherent."

18. However, all **VAZQUEZ** needed was the reasonable accommodation she requested, which is a short break, which **AOSC** denied.

19. **AOSC** then stated **VAZQUEZ** was terminated because it did not trust **VAZQUEZ** due to her disability.

20. **VAZQUEZ** advised **AOSC** that she was fully able to perform the essential functions of her position but **AOSC** terminated her employment on November 20, 2017 because of her disability.

21. At all material times, **AOSC** was aware of **VAZQUEZ**'s disabilities, which are the bases for its discriminatory employment practices toward her.

## **COUNT I – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED**

22. Plaintiff incorporates by reference Paragraphs 1-21 of this Complaint as though fully set forth below.

23. At all relevant times, **VAZQUEZ** was an individual with a disability within the meaning of the ADAAA.

24. Specifically, **VAZQUEZ** has physical impairments that substantially limit one or more major life activities and bodily functions, has a record of the impairment, and is regarded by the Defendant as having such impairments.

25. **VAZQUEZ** is a qualified individual with disabilities as that term is defined in the ADAAA.

26. **VAZQUEZ** is an individual who, with or without reasonable accommodation, at all relevant times could perform the essential functions of the job with **AOSC**.

27. At all material times, **VAZQUEZ** was an employee and **AOSC** was her employer covered by and within the meaning of the ADAAA.

28. **AOSC** was made aware and was aware of **VAZQUEZ**'s disabilities, which qualify under the ADAAA.

29. **AOSC** discriminated against **VAZQUEZ** with respect to the terms, conditions, and privileges of employment because of her disabilities.

30. **AOSC** conducted itself with malice or with reckless indifference to **VAZQUEZ**'s federally protected rights.

31. **AOSC** discriminated against **VAZQUEZ** in violation of the ADAAA by interfering with her enjoyment of all benefits, privileges, terms, and conditions of her employment.

32. The conduct of **AOSC** altered the terms and conditions of **VAZQUEZ**'s employment and **VAZQUEZ** suffered negative employment action in the form of discipline and termination.

33. As a direct and proximate result of the violations of the ADAAA, as referenced and cited herein, **VAZQUEZ** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

34. As a direct and proximate result of the violations of the ADAAA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **VAZQUEZ** is entitled to all relief necessary to make her whole.

35. As a direct and proximate result of the Defendant's actions, **VAZQUEZ** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

36. **VAZQUEZ** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing the Defendant to cease and desist from all disability discrimination of all employees;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages;

viii. Punitive damages, and;

ix. Such other relief as this Court shall deem appropriate.

## COUNT II – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT- DISABILITY DISCRIMINATION

37. Plaintiff incorporates by reference Paragraphs 1-21 of this Complaint as though fully set forth below.

38. At all relevant times, **VAZQUEZ** was an individual with a disability within the meaning of the FCRA.

39. Specifically, **VAZQUEZ** has physical impairments that substantially limit one or more major life activities, has a record of the impairment, and is regarded by the Defendant as having such impairments.

40. **VAZQUEZ** is a qualified individual with disabilities as that term is defined in the FCRA.

41. **VAZQUEZ** is an individual who, with or without reasonable accommodation, at all relevant times could perform the essential functions of her own job with **AOSC**.

42. At all material times, **VAZQUEZ** was an employee and **AOSC** was her employer covered by and within the meaning of the FCRA.

43. **AOSC** was made aware and was aware of **VAZQUEZ**'s disabilities, which qualify under the FCRA.

44. **AOSC** discriminated against **VAZQUEZ** with respect to the terms, conditions, and privileges of employment because of her disabilities.

45. **AOSC** conducted itself with malice or with reckless indifference to **VAZQUEZ**'s protected rights under Florida law.

46. **AOSC** discriminated against **VAZQUEZ** in violation of the FCRA by interfering with her enjoyment of all benefits, privileges, terms, and conditions of her employment.

47. The conduct of **AOSC** altered the terms and conditions of **VAZQUEZ**'s employment and **VAZQUEZ** suffered negative employment action in the form of discipline and termination.

48. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **VAZQUEZ** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

49. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **VAZQUEZ** is entitled to all relief necessary to make her whole.

50. As a direct and proximate result of the Defendant's actions, **VAZQUEZ** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

51. **VAZQUEZ** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing Defendant to cease and desist from all disability discrimination of all employees;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages;

viii. Punitive damages, and;

ix. Such other relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiff demands a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: July 18, 2019             **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
Yormak Employment & Disability Law
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com